## AS TO ENFORCEMENT OF PAYMENT OF LEGACIES.

· Common Pleas Court of Hamilton County.

GERTRUDE WELLS v. CHARLES E. KING.

Decided, June, 1916.

*Executor—Can be Compelled to Pay Legacy Before Expiration of Statutory Period Only by Giving Bond.*

A legatee under a will can not maintain an action in the court of common pleas against the executor for payment of the legacy within eighteen months of his appointment.    Where the legatee desires payment of the legacy within the eighteen months period he must apply to the probate court and give bond as provided in Section 10762, General Code.

*S. T. McPherson,* for plaintiff.
*Dempsey & Nieberding,* contra.

MAY, J.

Heard on demurrer to petition.

This is an action to recover a legacy bequeathed to the plaintiff by the last will of Charles J. King.    The petition alleges that .the testator died in March, 1915; that the will was probated April 1, 1915, and that the defendant executors were

duly appointed by the Probate Court of Hamilton County on that day. The legacy is for $3,000, $1,000 of which was to be paid within ninety days after the death of the testator and the remainder semi-annually in installments of $500 each. Plaintiff avers that more than one year has elapsed since the probating of the will and the appointment of the executors and that the estate is perfectly solvent and after the payment of all debts, including the legacy herein sued for, there will remain a, large sum of money for distribution. The petition alleges that a demand was made upon the executors for the payment of the legacy and that the executors refused to pay the same, and on April 7, 1916, this suit was filed.

Defendant executors have filed a demurrer setting forth three grounds: That the court had no jurisdiction of the person of the defendants; that the court had no jurisdiction of the subject of the action; and that the petition does not state facts to show a cause of acion.

I am of the opinion that the demurrer is well taken and should be sustained.

Under Section 10762, General Code, a legatee who desires the payment of his legacy within eighteen months after the executors have given bond, can only obtain payment of the same by giving an indemnity bond, approved by the court, to the executors. The only court that is authorized under the statute to require such bond to be given and approve the same is the probate court.

This matter has been determined by the Supreme Court in the case of *Dawson* v. *Dawson*, 25 Ohio St., 443.

When the Dawson case was decided the creditors had four years, under the statute, to present their claims, and a legatee or distributee could not maintain an action against the executor or administrator for the payment of his legacy within the statutory period of four years without an order of the probate court requiring such payment.

On the argument, counsel for plaintiff contended that inasmuch as the petition contained an averment that all debts had been paid and that there was sufficient assets in the hands of

the executors to pay this legacy, that the plaintiff was entitled to recover.

In *Dawson* v. *Dawson,* page 449, the court, speaking through White, Judge, stated an averment similar to the one made in the petition was not well pleaded and that the demurrer did not admit the proof of such averment.

Under Section 10746, General Code, the time within which a creditor may file a suit against an executor was reduced from four years to eighteen months.

I am therefore of the opinion that the Dawson case controls the case at bar and that the plaintiff can not maintain an action, without alleging that there has been an order of distribution in the probate court, within eighteen months from the time of the appointment and qualification of the executors.